66 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Makhan SINGH, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-71047.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 9, 1995.
Decided Sept. 7, 1995.
 
 Before: GOODWIN and SCHROEDER, Circuit Judges, and TASHIMA* District Judge.
 MEMORANDUM**
 Makhan Singh appeals from the Board of Immigration Appeals' ("BIA") denial of his application for asylum and withholding of deportation. He disputes the BIA's determination that his testimony was not credible, and that, in any event, he was not eligible for asylum or withholding of deportation. We remand because the BIA did not adequately explain its refusal to credit Singh's testimony.
 I. FACTUAL AND PROCEDURAL HISTORY
 Makhan Singh, a native and citizen of the Punjab, India, bases his claim for asylum on alleged arrests and mistreatment by the Indian police. Singh, who is Sikh, says the police persecuted him because they wrongly suspected him of being a Sikh separatist, one of the militants who have been waging a sometimes violent campaign to establish a Sikh state independent of India. Singh says he has never participated in any militant demonstrations or committed any crimes. After several unpleasant encounters with the Indian police, Singh left his village to go live with an aunt in New Delhi. Upon recognizing some boys from his home village in New Delhi, he took fright and left the country.
 Singh entered the United States without inspection in July of 1992. Shortly thereafter, the Immigration and Naturalization Service issued him an Order to Show Cause. Singh conceded deportability, but applied for asylum, withholding of deportation, and, in the alternative, voluntary departure.
 An Immigration Judge ("IJ") denied Singh asylum and withholding of deportation, but granted him voluntary departure. The BIA subsequently affirmed the IJ's decision. Making a de novo review of the record, the BIA decided that, even if it believed Singh's testimony (which it did not), Singh had not established that he had been persecuted "on account of" his political opinion or that he had been subject to a nationwide threat. This appeal followed.
 II. DISCUSSION
 We review the BIA's credibility determinations for substantial evidence, according substantial deference to findings fairly supported by the record. If the BIA decides an asylum applicant is not credible, it must support this decision with "specific, cogent" reasons. Paredes-Urrestarazu v. INS, 36 F.2d 801, 817 (9th Cir.1994); Nasseri v. Moschorak, 34 F.3d 723, 726 (9th Cir.1994). These reasons must be both substantial and legitimately connected to the finding. That is, we require a "rational and supportable connection between the reasons cited and the conclusion that the petitioner is not credible." Aguilera-Cota v. INS, 914 F.2d 1375, 1381 (9th Cir.1990).
 In this case, the IJ never decided whether Singh was credible. She found his testimony "extremely confused and unclear in various aspects," in particular Singh's testimony about the date of his first arrest, the number of arrests, the type of mistreatment, and his brother's disappearance and possible death at the hands of the authorities in India. The IJ went on to say that Singh's application for asylum was "so vague that it is difficult to determine whether or not the testimony of the respondent today has been entirely credible." Yet the IJ also said she had "reason to believe that this respondent may have been harassed by the police over the course of time before leaving India."
 The BIA did not share the IJ's reluctance to come to a conclusion. Noting that the IJ had "made no specific credibility finding," the BIA said, "[u]pon de novo review of the record, we are not persuaded that the respondent's testimony is worthy of belief and we affirm the denial of the requested relief on that basis." The BIA did not give any reasons for this decision, saying only that "respondent's testimony, which was often vague and lacking in concrete detail" did not meet its standard for credibility.
 Nor does the BIA's decision meet our standards. When the BIA does not provide its reasons for a no-credibility finding, we have no basis for reviewing its determination. Cardoza-Fonseca v. INS, 767 F.2d 1448, 1455 (9th Cir.1985), aff'd, INS v. Cardoza-Fonseca, 480 U.S. 421 (1987). We must therefore remand to allow the BIA to explain its decision. Hartooni v. INS, 21 F.3d 336, 343 (9th Cir.1994); Castillo v. INS, 951 F.2d 1117, 1121 (9th Cir.1991); Damaize-Job v. INS, 787 F.2d 1332 (9th Cir.1986).
 REMANDED.
 
 
 
 *
 Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3